UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Sherman Sherrills, ) | CASE NO. 1:08 CV 1081 |
| ) | |
| Plaintiff, *pro se*, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| Cuyahoga County Sheriff's Dept., ) | |
| ) | MEMORANDUM OPINION |
| Defendant. ) | AND ORDER |

Before the Court is Plaintiff Sherman Sherrills' Motion for Relief from Judgment, pursuant to Fed. R. Civ. P. 60(b)(4) and/or (5). Defendant Cuyahoga County Sheriff's Department opposes the motion. Following a thorough review of both parties' arguments and the governing law, the Court hereby DENIES Plaintiff Sherrills' motion.

A court may grant a Rule 60(b) motion where there exists: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; where (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is

based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b).

Plaintiff, proceeding *pro se*, here relies on Rules 60(b)(4) and (5) respectively. Rule 60(b)(4) provides relief from void judgments. Plaintiff asserts that the District Court "lacked subject matter jurisdiction ... [t]he Supreme Court has continually said that a court that summarily overrules ... is a court without JURISDITION [sic]" (emphasis in original). Citing a number of rights enumerated within the United States Constitution, Plaintiff also alleges that "government officer[s] do not have immunity for act[s] in violation of [his] [c]ivil [r]ights," and that he "was entitled to a jury trial." He has, however, cited no facts that would suggest that this Court lacked jurisdiction to hear his case.

As the Sixth Circuit Court of Appeals has articulated, "[N]othing short of a jurisdictional error or a violation of due process justifies relief under Rule 60(b)(4)." *See Ne. Ohio Coal. for Homeless v. Husted*, 696 F.3d 580, 601 (6th Cir. 2012) (citing *United Student Aid Funds, Inc., v. Espinosa*, 559 U.S. 260, 271 (2010)). Plaintiff's brief fails to describe any such circumstance – any Rule 60(b)(4) relief is thus unwarranted. The Court rejects Plaintiff's jurisdictional argument in its entirety.

Plaintiff's Rule 60(b)(5) arguments are similarly flawed, and suffer the same fate. In his motion, Plaintiff mentions the ethical troubles of Cuyahoga County (Ohio) Common Pleas Judge Steven Terry and contends that his was part of a "case fixing" scheme. Plaintiff's motion does not demonstrate in what shape or form Judge Steven Terry was connected to his case. Indeed, reference to the Court of Common Pleas docket reveals that Plaintiff's case was never assigned

to Judge Terry, and had instead been assigned to Judge Janet Burnside[1]. Given these facts, it is unclear exactly why Plaintiff has elected to raise this issue with the Court. Any Rule 60(b)(5) relief on this basis is, therefore, inappropriate.

In light of the foregoing, Plaintiff has failed to persuade the Court that any Rule 60(b) relief is justified, or that a fundamental miscarriage of justice has occurred. Accordingly, Plaintiff's Motion for Relief from Judgment is hereby DENIED.

IT IS SO ORDERED.

_/s/ Donald C. Nugent_
Donald C. Nugent
United States District Judge

Date: January 24, 2014

---

[1] Petitioner here attaches an exhibit purportedly showing that his case had been assigned to Judge Terry. That case is not the one at issue: the instant case was Case No. CV-08-654620, and had been assigned to Judge Burnside on March 21, 2008.